| ¡.LOVE, Judge.
Plaintiff, John Dupre’, appeals a summary judgment granted in favor of defendants Rawls & Company and John W. Stone. For the following reasons, we affirm the trial court judgment granting the defendant’s Motion for Summary Judgment.
FACTS AND PROCEDURAL HISTORY
The plaintiff, John Dupre’, was employed as a driver and yardman by John W. Stone Oil Distributor Inc. (“Stone Oil”). Stone Oil is involved in the business of transporting and selling diesel fuel and tube oil to customers in the marine industry. On January 18, 1995, the plaintiff was working on Stone Oil’s No. I cement dock, located at 87 First Street, Gretna, Louisiana (“87 First Street”) when he alleges he tripped over a metal threshold. Plaintiff filed suit alleging tort liability against Rawls & Company, a Louisiana Corporation, and John Stone, Jr., as a partner, (“Rawls & Company”) as owners of the property located at 87 Fist Street.
Rawls & Company owned the property at 87 First Street. The defendants leased the property to Stone Oil pursuant to a Lease of Commercial Property (“the lease”) dated January 1, 1973. The lease provided that all improvements made by Stone Oil during the pendency of the lease are the property of Stone Oil.
[aAt the time the lease was entered into by the parties, the property at 87 First Street was essentially unimproved. The dock where the plaintiff alleges to have been injured was constructed during the pendency of the lease by Stone Oil with the consent of Rawls & Company.
Defendants, Rawls & Company, filed a Motion for Summary Judgment arguing that the dock where the alleged injury occurred was owned by Stone Oil as the lease provided and that defendants were entitled to a summary judgment as a matter of law. Plaintiff argued that the provision of the lease establishing Stone Oil’s ownership was inapplicable because the parties failed to record the lease in the conveyance office.
The trial court rendered judgment on November 10, 1999, granting defendants’ Motion for Summary Judgment, finding Rawls & Company were non-owners of the immovable dock which the plaintiff alleges caused him injury.
*27 DISCUSSION
A Motion for Summary Judgment shall be granted if, but only if, there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966. We will not discuss the effects of the 1996 and 1997 amendments to La. C.C.P. art. 966 as this Court has examined them exhaustively in prior decisions. See Hewitt v. Allstate Insurance Company, 98-0221 (La.App. 4 Cir. 1/27/99), 726 So.2d 1120.
The first issue before us is whether recordation as required by La. C.C. art. 491 establishes ownership for purposes of asserting personal injury claims under La. C.C. arts. 2315, 2317 and 2322. La. C.C. art. 491 provides:
Buildings, other constructions permanently attached to the ground, standing timber, and unharvested crops or un-gathered fruits of trees may belong to a person other than the owner of the ground. ^Nevertheless, they are presumed to belong to the owner of the ground, unless separate ownership is evidenced by an instrument filed for registry in the conveyance records of the parish in which the immovable is located.
We have addressed this issue previously in Myers v. Burger King Corp., 92-0400 (La.App. 4 Cir. 5/26/94) 638 So.2d 369, and this case presents no reason to deviate from that precedent. La. R.S. 9:2722 states:
Third persons or third parties so protected by and entitled to rely upon the registry laws of Louisiana now in force and effect and as set forth in this Chapter are hereby redefined to be and to include any third person or third party dealing with any such immovable or immovable property or acquiring a real or personal right therein as purchaser, mortgagee, grantee or vendee of servitude or royalty rights, or as lessee in any surface lease or leases or as lessee in any oil gas or mineral lease and all other third persons or third parties relating to or affecting immovable property.
The statute articulates the policy underlying the public records doctrine and identifies the classes of persons protected by the public records doctrine of La. C.C. art. 491, and personal injury plaintiffs are expressly not included within the definition of the parties protected by and entitled to rely upon the public registry laws of Louisiana. By its very terms and comments to the article, La. C.C. art. 491 was enacted to protect persons acquiring rights in immovable property. The failure to record the lease has no bearing on the issue of ownership for purposes of an action in accordance with La. C.C. Arts. 2315, 2317 and 2322. Therefore, as stated in the provisions of the “lease”, the No. 1 cement dock is under the custody and control of Stone Oil Inc.
The final issue before us is whether Rawls & Company as owners of the raw land upon which the dock was constructed are liable under negligence or strict liability for alleged defects in the dock. Plaintiff relies upon Olsen v. Shell Oil Company, 365 So.2d 1285, 1980 A.M.C. 1217 (La.1978), to support his argument that Rawls & Company is liable for damages.
In Olsen, it was undisputed that Shell Oil Company owned a platform that was permanently attached to the seabed in the Gulf of Mexico. A drilling contractor then placed a living quarters unit on Shell’s platform. The living quarters unit, which was owned by the drilling contractor, exploded, killing several of the drilling contractor’s employees. The Olsen court considered whether or not Shell, as owner of the platform, could be liable for defects in the living quarters owned by the drilling contractor.
The Olsen court found the platform owned by Shell was a “building” under La. C.C. art. 2322. The court held that an owner of a building can be held strictly hable for defects in the “necessary appur *28 tenance” which are attached to a building even if a third party owns those appurtenances.
Therefore, under Olsen the defendant must at least own a structure that constitutes a “building” before the court will consider whether the defendant’s liability extends to the defective appurtenance to that building.
Olsen is clearly not applicable to the instant case, in that there is no building with a defective appurtenance. Rawls & Company only owned the raw land that the allegedly defective dock sits on.
DECREE
For the reasons stated above, we affirm the judgment of the district court. Each party must bear its own costs.
AFFIRMED.